White, J.
 

 delivered the following opinion of the Court: —
 

 In the adjudication of this cause, three questions arise : 1. Whether the Circuit Court received evidence which, by the rules of law, ought to have been excluded ? 2. Whether any error was committed in charging the jury ? 3. Whether there is error in overruling the motion for a new trial ?
 

 1. To form an opinion whether the testimony deemed exceptionable ought to have been received, it is essential to understand what is necessary in an entry to enable the person who has a grant founded on it to hold the land against another who has an elder grant.
 

 It is conceived that the entry must call for objects at the place claimed, which, either at the time of making the entry, or before the inception of the conflicting claim, are so notorious as to enable any person acquainted with the land claimed, to know the place intended by the enterer; or he must so describe the place by reference to objects that are thus notorious, as will enable a man by using reasonable industry, to ascertain the land intended to be appropriated. The calls of this entry are:
 
 “
 
 South side of the continental line,” beginning “ at the twelve-mile tree and running east with said line two and one half miles; thence south for complement including Hardin’s Creek.” There can be no doubt but this entry on the face of it is sufficiently
 
 descriptive;
 
 provided the objects called for exist, and were so notorious as to afford the subsequent appropriator information that this was the place intended to be covered by it. Whether this was the place intended, or the objects called for were sufficiently
 
 *219
 
 notorious, can only be ascertained by testimony
 
 dehors
 
 the entry. When we recur to this evidence, it must be to establish two points; first, the identity of the place intended; next, the notoriety of the objects called for. In this case it is evident the enterer intended to appropriate five thousand acres of land, lying on the continental line, and on the south side of it; and it is equally clear that the continental line was a call sufficiently notorious to point out the part of the State in which the land was to lie; yet as this line was many miles in extent, we do not know at what precise place on the south side of it, the enterer intended this five thousand acres should be. We then proceed: “The twelve-mile tree, running thence two and a half miles east with the line; then south, including Hardin’s Creek.” What place then did the enterer intend when he spoke of the twelve-mile tree and Hardin’s Creek? To enable a court and jury to answer this question, we cannot say it was improper to hear the evidence which went to show that Hardin was along when the line was run, the tree marked, and the creek named; and that soon afterwards he left the party. It rather seems that these circumstances ought to have some influence in forming an opinion that the creek and the tree were the ones he intended to speak of in his entry. Still, it will remain to inquire whether these objects were sufficiently notorious to point out to others, that this was' the place he intended. When inquiring into this point, it seems to us that everything which was said could be given in evidence relative to the name by which Hardin or any other person called this creek. Who gave the name is unimportant; it might as well be given by the enterer as any other person. He had not only a right to give the name, but the more industry and care he made use of to cause the name to become public, before others attempted to acquire an interest in the land, the better; watercourses and other objects called for in entries, are most generally first named by those making the first entries calling for them; and if by any means — even means used by the first enterers themselves — these objects became generally known, by the names thus given, the subsequent enterer is in no worse situation than if the name had been given by any other person. In either ease the information is offered him which our laws require. Upon the same principle likewise, it is conceived that the copies of the entries which were read, were proper evidence; they call for this creek hy the name of Hardin’s Creek; each of these entries was made prior to the commencement of the title under which Kennedy and Baird claim, calling for the creek by the name of Hardin’s Creek ; and is a proof at least that those making these entries knew the creek by this name. Using the name in entries certainly would have a tendency to make the creek notorious by this name. It then seems to us that all the evidence which was received was admissible; either to show the identity of the place entered, or the notoriety of the objects called for, by the names given them.
 

 
 *220
 
 2. It remains to consider whether any error was committed in omitting to charge the jury upon any given point, or in giving them a charge contrary to law.
 

 If the Circuit Court when applied to, refuse or omit to charge the jury on a point material in the cause, and the jury find differently from what they ought to have found, if a correct charge had been given, the party is as much injured as if a wrong charge had been delivered, and it would seem ought to have the same remedy.
 

 The Court is intrusted with the administration of the law; and it is certainly of much importance that their opinions upon material points should be clearly understood by the jury, who are to ascertain the facts and then apply the law, as given .them by the Court. Although this is our opinion upon these points, we are far from believing it would be proper in any judge to set and deliver opinions on abstract legal questions, not at all essential to a correct determination of the dispute.
 

 It seems to us that in this case the Circuit Court was not bound to give an opinion separately upon each point requested; but that it was bound, when delivering its charge, to give a connected opinion that would embrace every material point.
 

 This, we believe, has in substance been done, and the only question remaining is, whether this opinion was incorrect. The great difficulty in this case has proceeded from there being two twelve-mile
 
 trees.
 
 How would the subsequent appropriator know which of the two was intended by the enterer ? Hardin’s Creek is to be included, — Hardin’s Creek is at the western twelve-mile tree. Was this creek generally known by this name in the year 1784, when Hardin’s entry was made, or in the year 1788 when Kennedy’s and Baird’s grant issued? The proof upon this point is very much divided at these periods between the names Hardin’s and Carter’s ; — suppose the call in the entry to have been for the twelve-mile tree including a creek, giving it no name, this entry would have been good, if no creek was found at the other twelve-mile tree, — but it seems there are several streams there. At one of these places it appears certain, this entry was to be satisfied ; at each of them there is a twelve-mile tree, and one or more watercourses. How would a man determine between them ? If the calls would equally well suit either place, it is not a good entry. At the place claimed there is a creek called by many, Hardin’s, at the other there is no stream that ever was called Hardin’s; but it is said Hardin’s Creek was not generally known by that name ; in this cause that will make no difference, because, at the other tree, every creek was well known at that time by a given name, and neither of them by the name of Hardin’s. The subsequent appropriator would know that one of these places was intended; and he would not have any reason to suppose the eastern twelve-mile tree was the one, as the names of the streams there were
 
 *221
 
 notorious. We would, therefore, necessarily conclude the land at the western tree was that covered, although he knew nothing of the creek by any name ; but if he did ascertain it by any name, it is as probable at that day to have been by the name of Hardin’s as Carter’s.
 

 It has been urged that it would impose an unreasonable burden on a subsequent locator, to compel him to examine both places to find out which of the two the enterer intended. If we suppose him at the western twelve-mile tree and acquainted with the calls in the entry, and having no knowledge of any other twelve-mile tree, he would be certain this was the place intended; because it is only by a knowledge of both trees doubt is created. If we suppose him acquainted with the other, we ought to believe him likewise acquainted with the names of the streams near it, as they were notorious ; and, as neither of these streams were ever called by the contending names, he would be at no loss to determine which of the two trees was intended.
 

 But it has been urged that the subsequent appropriator might never have been at either tree himself, and that he derived his information entirely from others. Take this for granted, and suppose his informant acquainted with the western twelve-mile tree only, and was consulted whether this was the place intended by Hardin’s entry, he would certainly say it was. Suppose his informant acquainted with both trees, and possessed of other information which seems to have been general, that is, the names of the streams, what information would he give ? he would say there are two twelve-mile trees, and if there was nothing more in the entry I should be unable to determine which was intended ; but this entry calls for Hardin’s Creek. It could not have been intended for the eastern tree, because, if that tree, although it- would include the heads of several streams, yet these streams were known by their respective names, at the time of making Hardin’s entry, and none of them were ever called Hardin’s; and therefore I conclude the western tree was intended, because there is a creek which will, at that place, run through the tract, and I never heard it called by any name; or, sometimes it was called Carter’s, and sometimes Hardin’s.
 

 Taking then the whole of the calls in this entry, and applying the evidence disclosed in this record, it seems certain that one of these trees must have been intended; and going one step further, and determining between these trees, it seems equally certain that the western tree was the one intended ; and that this intention could have been ascertained by any man wishing to make a subsequent entry. By looking at the calls in Hardin’s entry, and applying to them that information which, with reasonable 'industry could have been obtained, all difficulty would vanish.
 

 3. As to the question whether a new trial ought to have been granted, it is useless to say anything upon it; from what has been said on the other
 
 *222
 
 points it will readily be perceived that this Court believes no error was committed in refusing the new trial, and that the judgment of the circuit ought to be affirmed.